IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | |
|---|---|
| MAURICE RONALD ARCHER, ) | Cause No. CV 09-73-BU-SEH-RKS |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | FINDINGS AND |
| ) | RECOMMENDATIONS OF |
| MIKE MAHONEY; ATTORNEY ) | U.S. MAGISTRATE JUDGE |
| GENERAL OF THE STATE OF ) | |
| MONTANA, ) | |
| ) | |
| Respondents. ) | |

_____

On October 2, 2009, Petitioner Maurice Ronald Archer moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is a state prisoner proceeding pro se.

On November 10, 2009, Petitioner was ordered to show cause why his petition should not be dismissed with prejudice as procedurally defaulted. Petitioner responded on December 21, 2009. He has not shown cause.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

I. Background

On February 13, 2007, Petitioner was convicted in Montana's Eighteenth Judicial District Court, Gallatin County, of one count of incest and one count of sexual intercourse without consent. Following a bench trial, he was sentenced to serve 50 years in prison, with a 15-year restriction on his parole eligibility. Pet. (doc. 1) at 2-3 ¶¶ 1-6; Order para. 1, Archer v. Law, No. OP 09-0398 (Mont. Aug. 11, 2009) (doc. 1-1).

Petitioner appealed. His attorney filed a brief under Anders v. California, 386 U.S. 738 (1967), stating that there were no non-frivolous issues for appeal. The appeal was dismissed on July 2, 2008. Order para. 1, Archer, No. OP 09-0398; Pet. at 3 ¶ 8.

Petitioner did not file a petition for postconviction relief in the trial court. Pet. at 3 ¶ 11. He filed a petition for writ of habeas corpus in the Montana Supreme Court. He asserted that he was denied due process and a fair trial by prosecutorial misconduct, ineffective assistance of trial and appellate counsel, and judicial bias. Order para. 5, Archer, No. OP 09-0398. The Montana Supreme Court noted that Petitioner claimed innocence but failed to allege newly discovered evidence of his innocence.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 2

Id. The court held that "[t]he writ of habeas corpus is not available to attack the validity of a conviction or sentence of a person adjudged guilty in a court of record, who has exhausted the remedy of appeal." Id. para. 6 (citing Rudolph v. Day, 902 P.2d 1007 (Mont. 1995), and Mont. Code Ann. § 46-22-101(2)). Petitioner was advised that he might be able to file a petition for postconviction relief in the trial court, but his habeas petition was dismissed. Id. paras. 7-8.

Petitioner filed his habeas petition in this Court on October 1, 2009. Pet. at 8 Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

II. Analysis

The doctrine of procedural default bars this Court from considering Petitioner's claims. Procedural default is clear on the face of the Petition. Pet. at 3 ¶ 11, 4 ¶ 15A(5). Recognizing default would "further the interests of comity, federalism, and judicial efficiency. Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Generally, habeas petitioners must exhaust their federal claims in

the state courts before filing in federal court. 28 U.S.C. § 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 522 (1982).

> If the petitioner fails to present his federal claims to the state's highest court, and if he is procedurally barred from presenting those claims to the appropriate state court at the time of filing his federal habeas petition, the petitioner's claims are considered procedurally defaulted for purposes of federal habeas review.

Smith v. Baldwin, 510 F.3d 1127, 1138 (9th Cir. 2007) (en banc).

To exhaust his claims, a petitioner must:

(i) use the "remedies available," 28 U.S.C. § 2254(b)(1)(A), through the state's established procedures for appellate review, Boerckel, 526 U.S. at 845;

(ii) describe "the federal legal theory on which his claim is based," Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008); and

(iii) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," id.

See also Gray v. Netherland, 518 U.S. 152, 162-63 (1996) (discussing Picard v. Connor, 404 U.S. 270 (1971), and Anderson v. Harless, 459 U.S. 4 (1982)). A petitioner must meet all three prongs of the test in one proceeding to exhaust his claim.

Here, Petitioner does not suggest he presented any claims for relief to the Montana Supreme Court on direct appeal. Petitioner attempted to present his claims to the Montana Supreme Court by filing a petition for writ of habeas corpus. With one exception not relevant here,[1] habeas corpus is not an available remedy under state law to challenge a conviction. Mont. Code Ann. § 46-22-101(2) (2005); Castille v. Peoples, 489 U.S. 346, 351 (1989); Pitchess v. Davis, 421 U.S. 482, 488 (1975) (per curiam); Ex parte Hawk, 321 U.S. 114, 116 (1944) (per curiam). For that reason, the Montana Supreme Court did not consider Petitioner's claims on the merits. Order para. 6, Archer, No. OP 09-0398. The petition was dismissed. Id. para. 8. Because Petitioner did not use an available state remedy, he has not exhausted his claims.

The Montana Supreme Court advised Petitioner he might be able to file a petition for postconviction relief in the trial court, id. para. 7, but he did not do so, Pet. at 3 ¶ 11. He would now be time-barred. Mont. Code Ann. § 46-21-102(1)(b).

Because no remedy remains available to him in the courts of the

---

[1] Lott v. State, 150 P.3d 337, 342 ¶ 22 (Mont. 2006) (holding writ of habeas corpus available to challenge a facially invalid sentence).

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 5

State of Montana, all of Petitioner's claims are deemed exhausted, but all are also procedurally defaulted. Smith, 510 F.3d at 1138-39 (citing Coleman v. Thompson, 501 U.S. 722, 732, 735 n.1 (1991)).

Notwithstanding Petitioner's procedural default of his claims in state court, this Court will review his claims if he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Petitioner was duly advised of what he must show to obtain federal review. Order to Show Cause (doc. 6) at 6-7.

In his response, Petitioner repeats the facts he alleges in support of relief and contends that, because they are true, the judgment against him is void and not merely erroneous. Resp. to Order to Show Cause (doc. 9) at 1-4 ¶¶ 1-6, 6-7 ¶ 9 and para. 10. Habeas petitions are required to allege the voidness of the underlying state conviction, 28 U.S.C. § 2254(a), so the fact that Petitioner so alleges is unremarkable. He also contends that the doctrines of exhaustion and procedural default are "products of the corruption," Resp. to Order to Show Cause at 3 ¶ 5, that led to his own

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 6

conviction, but federal district courts have no authority to disregard the law of exhaustion and procedural default. Petitioners who believe in the futility of filing a postconviction petition in the same court that convicted them, id. at 4 ¶ 6, are not excused from filing in compliance with state law. The Montana Supreme Court's decision to advise Petitioner that he might file a postconviction petition in the trial court, rather than transferring his petition itself, does not constitute exhaustion of his claims and did not prejudice Petitioner, regardless of Schrapps v. Mahoney, 36 P.3d 338, 339 (Mont. 2001). Counsel's filing of an Anders brief did not deprive Petitioner of a direct appeal. Resp. to Order to Show Cause at 5-6 ¶ 8. Filing an Anders brief is precisely the means identified by the United States Supreme Court to preserve an indigent defendant's right under state law to a direct appeal. 386 U.S. at 744.

Petitioner shows no cause for the default of his claims in state court. Nor does he show a fundamental miscarriage of justice, though he was specifically advised of what he must show to meet that exception as well. Order to Show Cause at 7. His petition should be dismissed with prejudice as procedurally barred.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 7

III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254 Cases.  Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright v. Stewart, 220 F.3d 1022, 1026 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  There is no room for doubt regarding procedural default of all claims in the federal petition.  Petitioner simply failed to comply with state law, despite advice from the Montana Supreme Court as to how he should do so.  A certificate of appealability is not warranted.

Based on the foregoing, the Court enters the following:

RECOMMENDATIONS

1. The Petition (doc. 1) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 8

3. A certificate of appealability should be DENIED.

NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATIONS
AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Petitioner must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of February, 2010.

    /s/ Keith Strong
Keith Strong
United States Magistrate Judge

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 9